IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEDRIC JAMAR DEAN, ) | |
| AIS #197053, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:17-CV-756-ECM |
| ) | (WO) |
| ) | |
| MICHAEL CHADWICK, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

In this 42 U.S.C. § 1983 action, Dedric Jamar Dean, a frequent federal litigant, challenges the constitutionality of the search of his residence on September 15, 2017, his resulting arrest on controlled substance offenses, and his prosecution on two of these charges. Doc. 1 at 3. Dean names officers Michael Chadwick, Michael Bryan and Chris Juneau of the Ozark Police Department as defendants. Dean seeks restoration of his liberty in the form of release from confinement, monetary damages and the federal criminal prosecution of the defendants. Doc. 1 at 4.

The defendants filed a special report, supplemental special report and relevant evidentiary materials addressing the claims for relief raised by Dean. In these filings, the defendants deny they violated Dean's constitutional rights. The defendants assert they are entitled to summary judgment, as the claims presented by Dean with respect to the search

and arrest in September of 2017 and his prosecution on the related criminal charges are barred from review by this court under the doctrine set forth in *Heck v. Humphrey,* 512 U.S. 477 (1994).  Doc. 18 at 55–56; Doc. 40 at 3–26.  In addition, the defendants argue that Dean's request for criminal prosecution of the defendants provides no basis for relief.  Doc. 40 at 30.

After reviewing the defendants' supplemental special report and, in particular, their assertion that under the current circumstances of this case *Heck* serves as a bar to all of Dean's claims arising from the search and arrest on September 15, 2017, the court issued an order directing Dean to file a response, supported by appropriate evidentiary materials, to each of the arguments presented by the defendants in the supplemental report.  Doc. 41 at 2–3.  The order specifically cautioned that "**unless within fifteen (15) days from the date of this order a party … presents sufficient legal cause why such action should not be undertaken** … the court may at any time [after expiration of the time for the plaintiff filing a response to this order] and **without further notice to the parties** (1) treat the special report and any supporting evidentiary materials as a motion for summary judgment and (2) after considering any response as allowed by this order, rule on the motion for summary judgment in accordance with the law."  Doc. 41 at 3.  Dean filed no response to this order.

Pursuant to the aforementioned order, the court now treats the defendants' supplemental special report as a motion for summary judgement, and it finds that summary judgment is due to be granted in favor of the defendants.

## II.  SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law." *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (internal quotation marks omitted); Rule 56(a), Fed. R. Civ. P. ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[1] The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593 (11th Cir. 1995) (holding that moving party has initial burden of showing there is no genuine dispute of material fact for trial).  The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present appropriate evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Celotex*, 477 U.S. at 322–24; *Moton v. Cowart*, 631 F.3d 1337,

---

[1]Although Rule 56 underwent stylistic changes in 2010, the revision of "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word -- genuine 'issue' becomes genuine 'dispute.'  'Dispute' better reflects the focus of a summary-judgment determination." *Id.*  "'Shall' is also restored to express the direction to grant summary judgment." *Id.*  Despite these changes, the substance of Rule 56 remains the same and, therefore, all cases citing prior versions of the rule remain equally applicable to the current rule.

1341 (11th Cir. 2011) (holding that moving party discharges his burden by showing the record lacks evidence to support the nonmoving party's case or the nonmoving party would be unable to prove his case at trial).

When the defendants meet their evidentiary burden, as they have in this case, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3); *Jeffery*, 64 F.3d at 593-94 (holding that, once a moving party meets its burden, "the non-moving party must then go beyond the pleadings, and by its own affidavits [or statements made under penalty of perjury], or by depositions, answers to interrogatories, and admissions on file," demonstrate that there is a genuine dispute of material fact). In civil actions filed by inmates, federal courts "must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage." *Beard v. Banks*, 548 U.S. 521, 530 (2006) (internal citation omitted). This court will also consider "specific facts" pled in a plaintiff's sworn complaint when considering his opposition to summary judgment. *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1098 (11th Cir. 2014). "[M]ere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005). A genuine dispute of

material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor such that summary judgment is not warranted. *Greenberg*, 498 F.3d at 1263; *Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1313 (11th Cir. 2007). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). "[T]here must exist a conflict in substantial evidence to pose a jury question." *Hall v. Sunjoy Indus. Group, Inc.*, 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (citation omitted). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Although factual inferences must be viewed in a light most favorable to the plaintiff and pro se complaints are entitled to liberal interpretation, a pro se litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *See Beard*, 548 U.S. at 525; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, Dean's pro se status alone does not compel this court to disregard elementary principles of production and proof in a civil case.

The court has undertaken a thorough review of all the evidence contained in the record. After this review, the court finds that Dean has failed to demonstrate a genuine

dispute of material fact in order to preclude entry of summary judgment in favor of the defendants.

### III.  DISCUSSION

**A.  The Search, Arrest and Malicious Prosecution Claims — *Heck* Bar**

In their supplemental special report, the defendants argue that Dean's claims challenging the search of his residence, his arrest on controlled substance charges based on the search, and his prosecution on these charges are barred from review by the rule espoused in *Heck* and its progeny. Doc. 40 at 3–26.  Specifically, the defendants assert "that Plaintiff's [relevant] convictions became final on May 29, 2018, that a final judgment has been entered in a related [state] proceeding involving Plaintiff's knock-and-announce claim, and that Heck and the doctrine of collateral estoppel bar" Dean's claims arising from the search during which police seized controlled substances, his arrest for offenses related to these substance and his convictions on the attendant offenses.  Doc. 40 at 3.[2]

The defendants set forth the facts and circumstances of the state proceedings relevant to this federal civil action as follows:

> Two sets of criminal cases determine the extent to which Heck … impact[s] collateral estoppel impact Plaintiff's claims. The first set of cases arose from a 2015 drug arrest, and the second set arose from a 2017 drug arrest. This lawsuit arose from the 2017 arrest, but an aspect of the 2017 arrest has been litigated in the 2015 cases.
> In a nutshell, the 2015 cases are pertinent because at the time of his 2017 arrest, Plaintiff was serving a community corrections sentence on the 2015 cases. Because of the 2017 arrest, the state court terminated Plaintiff's community corrections assignment and sentenced him to prison. During the

---

[2] Although the defendants argue that the doctrine of collateral estoppel also bars Dean's knock and announce, false arrest and malicious prosecution claims, Doc. 40 at 3, the court finds that *Heck* and its progeny provide the appropriate body of law under which these claims should be analyzed.

6

termination process, Plaintiff litigated his allegation that a knock-and-announce violation occurred during the 2017 arrest and received an adverse final judgment from the Alabama Court of Criminal Appeals. Because Plaintiff's prison sentence on the 2015 cases is based on the state court's determination that no knock-and-announce violation occurred during the 2017 arrest, success on Plaintiff's knock-and-announce claim would necessarily imply that his prison sentence is invalid. Therefore, Heck bars the knock-and-announce claim. Plaintiff's guilty pleas to the 2017 drug charges also bar his false arrest, malicious prosecution, and knock-and-announce claims… .

On March 15, 2016, a Dale County grand jury indicted Plaintiff on five criminal charges: [1. Second degree assault (felony); 2. Unlawful Possession of a Controlled Substance (felony); 3. Unlawful Possession of Drug Paraphernalia (misdemeanor); 4. Attempting to Elude a Law Enforcement Officer (misdemeanor); and 5. Unlawful Possession of Marijuana First Degree (felony)]. For convenience, Defendants refer to these charges as "the 2015 cases." [Plaintiff's 2015 arrest is challenged in a separate § 1983 action before this court. See Dean v. Bryan, et al., Case No. 1:16-CV-92-WKW-SRW.]

On June 21, 2017, Plaintiff entered into a plea agreement for the 2015 cases. (Ex. 29 at 3; Ex. 30 at 5–6; Ex. 31 at 3; Ex. 32.) On the Assault Second Degree charge, Plaintiff pled guilty to a misdemeanor charge of Attempted Assault Second Degree and received a twelve-month suspended sentence. (Ex. 29 at 2.) On the drug and eluding charges, Plaintiff pled guilty to the felony charges of Unlawful Possession of a Controlled Substance and Unlawful Possession of Marijuana First Degree and to the misdemeanor charge of Attempting to Elude a Law Enforcement Officer. (Ex. 30 at 2; Ex. 31 at 2.) The state court imposed concurrent sentences of seventy-two months on the drug charges and a three-month suspended sentence on the eluding charge. (Ex. 30 at 2; Ex. 31 at 2.) As part of the plea agreement, the State dropped the drug paraphernalia charge. (Ex. 30 at 2.) The state court ordered Plaintiff to serve his sentences on the drug convictions in a community corrections program as an alternative to prison. (Ex. 30 at 2, ¶ D; Ex. 30 at 9; Ex. 31 at 2, ¶ D.)

While he was assigned to the community corrections program, Plaintiff was allowed to live in a private residence at 109 Briarhill Court, Ozark, Alabama. (Doc.18-26 at 4, ¶ 11.) On September 15, 2017, Ozark police officer Michael Chadwick arrested Plaintiff for Unlawful Possession of Methamphetamine with Intent to Distribute, Unlawful Possession of Cocaine, and Unlawful Possession of Drug Paraphernalia after he discovered Plaintiff in possession of those items during the execution of a search warrant

7

at 109 Briarhill Court. (Doc. 18-26 at 13, ¶ 40.) The 2017 arrest is the subject of this lawsuit.

On September 19, 2017, the local prosecutor filed a motion to terminate Plaintiff's assignment to the community corrections program. (Ex. 30 at 10.) That motion was based upon the 2017 arrest. (Ex. 30 at 10.) The state court ordered Plaintiff detained pending a ruling on the motion to terminate. (Ex. 30 at 11–12.)

On October 25, 2017, the state court held an evidentiary hearing on the motion to terminate. (Ex. 33.) Plaintiff was represented by counsel during the hearing. (Ex. 33 at 2.) Plaintiff's counsel cross-examined the State's witnesses and introduced evidence on Plaintiff's behalf. (Ex. 33 at 17–77, 78–79, 84–86.) Most importantly for this case, Plaintiff's counsel argued that "[t]he door was opened before there was ever even a knock or an announce," (Ex. 33 at 87:21-22), and that "whatever is found after that is fruit of the poisonous tree and violates his -- you know, his rights," (Ex. 33 at 88:15–17). On October 26, 2017, the state court rejected Plaintiff's knock-and-announce argument and issued a written order that terminated Plaintiff's community corrections assignment and sentenced him to prison. (Ex. 30 at 16–17; Ex. 31 at 6–7.)

On November 20, 2017, Plaintiff appealed the termination order to the Alabama Court of Criminal Appeals. (Ex. 30 at 23–24; Ex. 31 at 13–14.) While the appeal was pending, a state grand jury indicted Plaintiff on all charges for which he had been arrested on September 15, 2017. (Ex. 36 at 2–3; Ex. 37 at 2–3.) On April 17, 2018, Plaintiff entered into a plea agreement for the 2017 cases. (Ex. 36 at 6; Ex. 38.) Plaintiff pled guilty to Unlawful Possession of Methamphetamine and to Unlawful Possession of Cocaine. (Ex. 36 at 9; Ex. 37 at 4.) As part of the plea agreement, the State dismissed the drug paraphernalia charge. (Ex. 38 at 4:23–24.) The state court imposed concurrent sixty-month prison sentences on the convictions in the 2017 cases. (Ex. 36 at 9; Ex. 37 at 4.) On May 29, 2018, those convictions became final. See Ala. R. App. P. 4(b)(1) (allowing forty-two days after pronouncement of sentence to appeal criminal conviction).

On April 20, 2018, the Alabama Court of Criminal Appeals affirmed the state court's decision to terminate Plaintiff's community corrections assignment and sentence Plaintiff to prison. (Ex. 34 at 2-10; Ex. 35 at 2-10.) In a written opinion, the Alabama Court of Criminal Appeals held the defendants did not commit a knock-and-announce violation when they entered the residence in which Plaintiff was found in possession of drugs and drug paraphernalia on September 15, 2017. (Ex. 34 at 2–10; Ex. 35 at 2–10.) On May 9, 2018, the Alabama Court of Criminal Appeals' judgment became final. (Ex. 34 at 11; Ex. 35 at 11.) … .

Doc. 40 at 3–7 (footnote omitted).

Dean alleges that the defendants fabricated and planted evidence during their September 15, 2017 search of his residence. Doc. 1 at 4. He further complains that the defendants discovered drugs solely due to their violation of the terms of a knock and announce search warrant. Doc. 1 at 3.

The defendants assert that "[b]ecause Plaintiff 'voluntarily steer[ed] the action into Heck territory by making specific factual allegations in the complaint [regarding planted and fabricated evidence] that [are] inconsistent with the facts upon which his criminal convictions are based,' McCann [v. Neilsen, 466 F.3d 619, 621 (7th Cir. 2006)], Heck bars his false arrest and malicious prosecution claims." Doc. 40 at 15. With respect to the illegal search claim, the defendants maintain that *Heck* likewise serves to bar review of this claim as no other doctrine for admission of the evidence is present in this case, and if the seized evidence were suppressed, no evidence would remain to support Dean's convictions on the 2017 cases. Doc. 40 at 20–21; *see Ballenger v. Owens*, 352 F.3d 842, 846–47 (4th Cir. 2003); *Pollard v. Shirley*, 2012 WL 1752700, *2 (M.D. Ala. Apr. 23, 2012). Finally, the defendants argue that "Heck also bars the knock-and-announce claim because success on that claim would necessarily imply that Plaintiff's prison sentences in the November 2015 drug cases [imposed after revocation of community corrections] are invalid." Doc. 40 at 22.

The court concludes that a judgment in favor of Dean on his claims challenging the constitutionality of the search, his arrest based on the controlled substances found during this search, and his convictions for the substances in his possession at the time of search

9

would necessarily imply the invalidity of his convictions on the 2017 charges and the revocation of his placement in community corrections on the 2015 convictions. Since the illegal search, false arrest and malicious prosecution claims go to the fundamental legality of Dean's convictions and the resulting sentences on which he is now incarcerated, he is entitled to no relief on these claims in the instant cause of action. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck,* 512 U.S. 477 at 487–89; *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that claims challenging the legality of a prisoner's confinement are not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 489. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]" *Heck*, 512 U. S. at 487; *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) ("*Heck* specifies that a prisoner cannot use § 1983 to obtain damages where success *would necessarily* imply the unlawfulness of a (not previously invalidated) conviction or sentence."); *Balisok*, 520 U.S. at 648 (inmate's claims for declaratory relief, injunctive relief or monetary damages which "necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983."); *Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996) (Under *Heck*, "[t]he [determinative] issue … is not the relief sought, but the ground of the challenge."). The

rule of *Heck* is therefore not limited to a request for damages but is equally applicable to an inmate's request for declaratory or injunctive relief.

The law is well settled that "habeas corpus is the exclusive [federal] remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481; *Balisok,* 520 U.S. at 645 (The "sole remedy in federal court" for a prisoner challenging the constitutionality of incarceration on a sentence of a state court is a 28 U.S.C. § 2254 petition for writ of habeas corpus.). An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F.Supp. 1143, 1151 (N.D. Ill. 1996); *Cook v. Baker, et al.*, 139 F. App'x 167, 169 (11th Cir. 2005) (The "exclusive remedy" for a state inmate's claim challenging the basis for or validity of his incarceration "is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254[.]"). The Supreme Court emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Balisok*, 520 U.S. at 649; *Robinson v. Satz*, 260 F. App'x 209, 212 (11th Cir. 2007) ("[I]n *Wilkinson v. Dotson,* 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005), the Supreme Court reviewed its prior holdings in this area and summarized that 'a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— *if* success in that action would necessarily demonstrate the invalidity of confinement or its

duration.' *Id.* at 81–82, 125 S.Ct. at 1248."). Where, as here, the plaintiff argues that the drugs underlying his convictions were planted and he was framed, he is "making a collateral attack on his conviction[s], and *Heck* holds that he may not do that in a civil suit, other than a suit under the habeas statute[.]" *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003). "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit." *Id.*, citing *Balisok*, 520 U.S. at 646–48.

*Heck* did "not engraft an exhaustion requirement upon § 1983, but rather den[ied] the existence of a cause of action. Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." 512 U.S. at 489–90; *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion."). "This 'favorable termination' requirement is necessary to prevent inmates from doing indirectly through damages actions what they could not do directly by seeking injunctive relief — challenge the fact or duration of their confinement without complying with the procedural limitations of the federal habeas statute." *Nelson v. Campbell*, 541 U.S. 637, 646–47 (2004).[3]

It is clear from the foregoing that Dean's claims challenging the September 15, 2017 search of his residence, his arrest arising from evidence seized during this search and his prosecution for controlled substance offenses related to this evidence are subject to review

---

[3] The plaintiff is advised that he must first properly and fully exhaust any available state court remedies prior to seeking federal habeas relief.

12

under *Heck* and its progeny. Under the circumstances of this case, the rule of *Heck* bars Dean's use of any federal civil action, other than a 28 U.S.C. § 2254 petition for habeas corpus relief, to mount a collateral attack challenging the search, his attendant arrest or his prosecution on charges related to these actions. Consequently, the illegal search, false arrest and malicious prosecution claims are not now cognizable in this cause of action. Summary judgment is therefore due to be granted in favor of the defendants on these claims.

### B. Request for Criminal Prosecution of Defendants

Dean seeks criminal prosecution of the defendants for their actions outlined in the complaint. The defendants, in turn, argue that Dean's request to have "federal criminal charges brought against each officer[,]" Doc. 1 at 4, provides no basis for relief in this cause of action. Doc. 40 at 30. This court agrees with the defendants.

A "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Nelson v. Skehan*, 386 F. App'x 783, 786 (10th Cir. 2010) (plaintiff has no constitutional right to have a defendant prosecuted); *Napier v. Baron*, 198 F.3d 246, 1999 WL 1045169, *1 (6th Cir. 1999) (holding that "[t]he district court properly dismissed [Plaintiff's] complaint as frivolous … [because] contrary to [his] belief, he does not have a constitutional right to have a particular person criminally charged and prosecuted."); *Rockefeller v. United States Court of Appeals Office for Tenth Circuit Judges*, 248 F.Supp.2d 17, 23 (D.D.C 2003) (holding that federal criminal statutes "do not convey a private right of action."); *Risley v. Hawk*, 918 F.Supp. 18, 21 (D.D.C. 1996), *aff'd*, 108 F.3d 1396 (D.C. Cir. 1997) (no private

right of action exists under federal statute criminalizing conspiracies to deprive an individual of his constitutional rights); *Gipson v. Callahan*, 18 F.Supp.2d 662, 668 (W.D.Tex 1997) (internal citations omitted) (finding that although "Title 18 U.S.C. § 242 makes it a crime to willfully deprive persons under color of law of their rights under the Constitution or laws of the United States[,] [t]he statute does not create a private cause of action."). Thus, the defendants are entitled to summary judgment on this claim.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendants' motion for summary judgment be GRANTED.

2. The plaintiff's illegal search, false arrest and malicious prosecution claims be dismissed without prejudice as such claims are not properly before the court in the instant cause of action.

3. The plaintiff's claim for criminal prosecution of the defendants be dismissed with prejudice.

4. Costs be taxed against the plaintiff.

5. Judgment be entered in favor of the defendants.

On or before **October 4, 2018** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 20th day of September, 2018.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge